UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATTY BENNETT,

Plaintiff,

v. Case No. 6:26-cv-1856-PGB-CAB

CHRISTIANE MORGESE and THE PENDLETON CLUB ASSOCIATION, INC., A FLORIDA NOT-FOR-PROFIT CORPORATION,

Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses, filed on October 5, 2026 (Doc. 13) (the "Motion"). Defendant responded in partial opposition to the Motion on October 19, 2026 (Doc. 16) (the "Response"). Upon consideration, the Court grants Plaintiff's Motion in part and denies it in part.

**I. Background**

Plaintiff's Complaint was originally filed with the Court on August 22, 2026, bringing claims against Defendants for: (1) failure to pay overtime wage compensation pursuant to the federal Fair Labor Standards Act ("FLSA"); and (2) unpaid wages under Florida Statute § 448.08. (*See generally* Doc. 1). In her Complaint, Plaintiff seeks to obtain overtime wages she alleges are owed to her by Defendants, liquidated damages, "earned vacation pay," and attorney's fees and costs. (*Id.* at 2).

Defendants' Answer to Plaintiff's Complaint raises eleven affirmative defenses in total. (*See* Doc. 10) (the "Answer"). Plaintiff now moves to strike nine of these affirmative defenses, specifically those numbered one, two, three, four, six, seven, nine, ten, and eleven. (*See* Doc. 13). Plaintiff does not move to strike Defendants' affirmative defenses numbered five or eight. (*See id.*). At the end of her Motion, Plaintiff further requests that the Court award Plaintiff the attorney's fees and costs that she incurred in bringing the Motion. (*Id.* at 8).

**II. Standard**

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Federal Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "While an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal citations and quotation marks omitted).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice[s] a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

By its very definition, "'[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Maxum Indemnity Co. v. Fla. Constr. Servs., Inc.*, No. 8:13-cv-2990-T-35AEP, 2014 WL 12618183, at *1 (M.D. Fla. Apr. 10, 2014) (quoting *Will v. Richardson–Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)) (emphasis omitted). "Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawdon Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)) (emphasis added). "'An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.'" *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016) (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to

strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (quoting *Microsoft Corp.,* 211 F.R.D. at 683).

## III. Discussion

For the reasons set forth in greater detail below, the Court finds that Defendants' first, second, third, sixth, seventh, ninth, and eleventh "affirmative defenses" are due to be dismissed without prejudice. The Court, however, finds Plaintiff's arguments unpersuasive as to Defendants' fourth and tenth affirmative defenses. Moreover, the Court declines to award Plaintiff attorney's fees.

As a preliminary matter, the parties' submitted materials indicate that they agree that Defendants' first, sixth, and seventh affirmative defenses are due to be stricken.[1] (*Compare* Doc. 13 at 4–7 *with* Doc. 16 at 2–4). Upon review, the Court finds that the parties have reached an appropriate consensus as to these defenses and accordingly will strike Defendants' affirmative defenses numbered one, six, and seven in Defendants' Answer. (*See* Doc. 10).

The Court will address the remainder of Defendants' disputed affirmative defenses in turn. Defendants include "[a]s their Second Affirmative Defense, [that]

---

[1] Defendants' first affirmative defense is that "Plaintiff fails to state a claim under the FLSA. Specifically, Plaintiff[] fails to allege any specific facts, hours, days, or amounts regarding any violations under the FLSA." (Doc. 10 at 5). Defendants' sixth affirmative defense is that "Plaintiff failed to state a cause of action under Fla. Stat. 448.08 on the grounds Plaintiff had no right to recover for unpaid vacation." (*Id.* at 6). Defendants' seventh affirmative defense is that "Plaintiff failed to state a cause of action under Fla. Stat. 448.08 with respect to Morgese's individual liability." (*Id.*).

Morgese was not an 'employer' as that term is defined under the FLSA. Morgese did not exercise sufficient operational control over Plaintiff's employment and compensation practices to impose individual liability under the FLSA." (*Id.* at 6). A defense which does nothing more than to simply point to a potential defect in plaintiff's case is not an appropriate affirmative defense. *See Maxum Indemnity Co.*, 2014 WL 12618183, at *1; *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("*Rawson*") ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Defendants' second purported affirmative defense appears to deny prima facie liability. Although Defendants contend, in conclusory fashion, that this defense "exceed[s] a mere denial," they do not provide any authority or argument to support this assertion. (Doc. 16 at 2). This second affirmative defense will accordingly be stricken.

Defendants state for their third affirmative defense that "Plaintiff was paid all wages owed to her." (Doc. 10 at 6). Once again, an assertion that does nothing else but point to a perceived defect in a plaintiff's prima facie case is not considered to be a true "affirmative defense." *See Rawson*, 846 F.2d at 1349; *Maxum Indemnity Co.*, 2014 WL 12618183, at *1. For this reason, Defendants' inclusion of this third affirmative defense is improper and the Court will strike it.

Next, as their fourth affirmative defense, Defendants state that they "acted in good faith and had reasonable grounds for believing their actions or omissions complied with the FLSA. Defendants deny their actions were willful, wanton, or reckless and, in particular, did not exhibit reckless disregard for whether their conduct

was prohibited by the FLSA." (Doc. 10 at 6). As highlighted by Defendants in their Response, (*see* Doc. 16 at 3), 29 U.S.C.A. § 260 states, in pertinent part, that under the FLSA: "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]," the court, in its discretion, may "award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." While Plaintiff's argument is well-taken that Defendants' fourth affirmative defense could have been more artfully constructed, (*see* Doc. 13 at 5–6), the Court nevertheless finds it to be an appropriate affirmative defense specifying more than mere "conclusory allegations," as Plaintiff unpersuasively argues. *Microsoft Corp.*, 211 F.R.D. at 684. The Court thus will not strike this defense.

In their ninth affirmative defense, Defendants state that they "conducted themselves in full compliance with all applicable federal, state and local laws which compliance bars Plaintiff from asserting the claims herein." (Doc. 10 at 7). The Court finds that this affirmative defense constitutes a conclusory allegation that does nothing to appraise Plaintiff of additional issues Defendants seek to raise; thus the Court will strike this affirmative defense. *See Microsoft Corp.*, 211 F.R.D. at 684; *Hassan*, 842 F.2d at 263.

Next, "[a]s their Tenth Affirmative Defense, Defendants invoke the defenses, protections, and limitations of the FLSA, 29 U.S.C. 201." (Doc. 10 at 7). Though it is somewhat cursory, the Court nevertheless finds that this affirmative defense

communicates to Plaintiff the general nature of the additional issues Defendants seek to raise against her, and it will not be stricken. *See Hassan*, 842 F.2d at 263; *see also Adams*, 2011 WL 2938467, at *1.

Lastly, "[a]s their Eleventh Affirmative Defense, Defendants state Plaintiff failed to mitigate any damages." (Doc. 10 at 7). In arguing that this particular affirmative defense is "legally deficient," (Doc. 13 at 8), Plaintiff directs the Court to the case of *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. April 8, 2005), in which the defendants similarly claimed as one of their affirmative defenses in an FLSA case that "Plaintiff ha[d] a duty to mitigate damages." In determining that such an affirmative defense was "legally insufficient," the Court in *Morrison* noted that "there is no requirement to mitigate overtime wages under the FLSA." *Id.* Defendants do not, in their response, dispute the holding of *Morrison* or provide any authority to support their assertion that Plaintiff had a duty to mitigate damages in this case. Accordingly, this Court finds Defendants' eleventh affirmative defense to be invalid as a matter of law and will strike it. *See Adams*, 2011 WL 2938467, at *1.

## IV. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Doc. 13) is **GRANTED IN PART AND DENIED** in part as follows:

1. Affirmative Defenses One, Two, Three, Six, Seven, Nine, and Eleven, as set out in Defendants' Answer (Doc. 10), are **STRICKEN**; this **ORDER** does

not otherwise impact any other affirmative defenses raised in Defendants' Answer;

2. Plaintiff's request for attorney's fees and other additional relief (*see* Doc. 13 at 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties